# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CLIFTON WAYNE HANSHAW**

    **Petitioner,**

**v.**                                                                                           **Case No. 3:05-cv-81**
                                                                                                    **(Judge Broadwater)**

**WILLIAM FOX, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On July 21, 2005, the Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Because it appeared that the Petition may be untimely, by Order entered August 2, 2005, the Court warned petitioner that his § 2254 petition would be recommended for dismissal unless he could demonstrate that the petition was timely filed.[1] On August 9, 2005, Petitioner responded to the Court's Order.

Accordingly, this matter, pending before me for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and the Order of Referral issued by the District Judge on August 26, 2005, is ripe for review.

## I. Conviction and Sentence

As set forth in the Petition, the Petitioner was convicted on June 23, 1989, and August 31, 1989, in the Circuit Court of Kanawha County and was sentenced to a total of 20-35 years imprisonment. The Petitioner states that he filed a direct appeal from his conviction and sentence,

---

[1] See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) ("When a federal habeas court, prior to trial, perceives a pro se § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation, unless it is indisputably clear from the material presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).")

but does not state when he received a ruling on that appeal. Further, it does not appear that the petitioner filed a petition for writ of certiorari with the United States Supreme Court.

## II. Timeliness of Petition

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244 was amended by adding a new subsection that sets forth filing deadlines for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. See 28 U.S.C. § 2244(d)(1). Therefore, absent any state court post conviction proceeding that would have tolled the federal limitation period,[2] a Petitioner who's conviction and sentence became final after the effective date of AEDPA, has one-year from the date the conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d). The amendment to § 2244 became effective on April 24, 1996. For a prisoner whose conviction and sentence became final prior to the effective date of AEDPA, a one-year grace period extends from the statute's effective date.[3]

## III. Analysis

According to the Petition, the Petitioner was convicted of several counts of sexual abuse, sexual assault and incest as a result of two trials in 1989. The combined effect of the concurrent and consecutive sentences was a 20 to 35 year sentence. Petitioner appealed his convictions and sentences to the West Virginia Supreme Court. The West Virginia Supreme Court refused to hear Petitioner's case and Petitioner did not file his state habeas petition until March of 1999.

Because Petitioner's convictions and sentences became final prior to the effective date of

---

[2] 28 U.S.C. § 2244(d)(2).

[3] Brown v. Angelone, 150 F.3d 370, 374-375 (4th Cir. 1998).

AEDPA, Petitioner had until April 24, 1997[4] to file his federal habeas petition. Petitioner has not established that any qualified state court filing was pending after April 23, 1996, so as to toll the one-year federal limitations period. Therefore, Petitioner's one-year limitation expired on April 24, 1997. Petitioners' state habeas petition filed in March of 1999, even if properly filed, could not toll the one-year limitation period because there was nothing left to toll. Thus, the instant petition, filed on July 21, 2005, is clearly untimely and cannot be entertained by this Court unless Petitioner can establish that he is entitled to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (finding the AEDPA statute of limitations is subject to equitable tolling).

The Fourth Circuit has explained that equitable tolling is available in "those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). Therefore, "to be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. (Internal quotations omitted).

Here, Petitioner offers two reasons why he believes he is entitled to equitable tolling: (1) because appointed counsel in his state proceedings has failed to file an amended habeas petition; and (2) because Petitioner has asserted an "actual innocence" claim in ground five of his federal habeas petition.

As to Petitioner's first claim, the failure of appointed counsel to file an amended state habeas petition is inapposite. As previously noted, Petitioner's one-year time limitation expired well before

---

[4] See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 200) (establishing April 24, 1997, as the ending date for the one-year time limitation for convictions finalized prior to the effective date of AEDPA).

3

the filing of his state habeas petition. Therefore, such a failure, even if true, did not prevent Petitioner from filing his federal habeas in a timely manner.

As to Petitioner's second claim, in reviewing claims of actual innocence, it is important to note that "actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Thus, the claim requires satisfaction of two elements: 1) new reliable evidence, which was not presented at trial, establishing that 2) it is more likely than not that no reasonable juror would have convicted the Petitioner in light of the new evidence. Id. (Quotations and citation omitted).

In ground five of the Petition, Petitioner argues that his Fifth and Sixth Amendment rights were violated at his second trial when the trial court found the child witness "unavailable" and read her testimony from the first trial into the record. Petitioner asserts that the Court should construe this ground as an actual innocence claim because during the victim's *in camera* competency hearing, the victim recanted her prior testimony. In support of this ground, Petitioner provides the following excerpts from the competency hearing:

> STATE: You told the police that he [Petitioner] had sexually abused you, right?
> VICTIM: Yes.
> STATE: Do you remember what happened?
> VICTIM: No, I don't.
>
> STATE: I am going to hand you a statement that you made to the police on May 26, 1987, and I am going to as you to look at it, and see if that helps you remember.
> VICTIM: Most of this isn't true; but I'm not sure . . .
>
> STATE: I am going to ask you to look at your statement now, Christina. At the time this all occurred when the police were at your home in May of 1987, you told the police that your Uncle Tim [Petitioner] had stuck his hands down your pants?
> VICTIM: Yes.
> STATE: Do you remember telling them that?
> VICTIM: Yes, I do.
> STATE: Did he do that?

4

      VICTIM: Yes he did.

Moreover, the victim testified that she could not remember the frequency with which the events took place, but that she did remember telling the Police that the Petitioner rubbed her with his fingers and that he asked her to touch his sex organs. However, the victim then asserted that her statement that the Petitioner asked her to touch his sex organs was not true. The victim also could not remember making statements about having oral sex with the Petitioner and eventually testified that a counselor told her what to do and say on the stand. At this point, the State made a motion requesting the victim be declared unavailable. That motion was granted over the objection of the defense and the victim's testimony from the first trial was read into the record at his second trial.[5]

Regardless of the merit Petitioner's underlying confrontation clause claim may have, at this point, the undersigned can only determine whether this claim establishes Petitioner's actual innocence to the crime of conviction. Upon due consideration, the undersigned is of the opinion that it does not. Although the victim's testimony at the competency hearing contradicts *some* of her previous testimony, the majority of her testimony was that she did not remember, and most importantly, the victim still testified that the Petitioner sexually abused her. Therefore, the undersigned does not believe that the victim's testimony at the competency hearing establishes Petitioner's *actual* innocence, or that it is more likely than not that no reasonable juror would have convicted the Petitioner in light of the new testimony.

## IV. **RECOMMENDATION**

It is recommended that the petitioner's § 2254 petition be denied as untimely and DISMISSED WITH PREJUDICE. Additionally, because the undersigned finds that this case is

---

[5] In her testimony at the first trial, the victim testified that the Petitioner touched her, forced her to touch him, and had performed oral sex on him.

time-barred and that equitable tolling does not apply, the undersigned also recommends that the Petitioner's Motion for Evidentiary Hearing (Doc. 8), Motion for Appointment of Counsel (Doc. 9), and Application to Proceed In Forma Pauperis (Doc. 10), be denied.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[6]

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner.

Dated: December 8, 2005

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[6] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).