IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**CLIFTON WAYNE HANSHAW,**

    **Petitioner,**

v.                            **CIVIL ACTION NO. 3:05CV81**
                                    **(BROADWATER)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull, dated December 8, 2005 (Docket # 12). The petitioner filed his objections on December 19, 2005. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review. After reviewing the above, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be and is hereby **ORDERED** adopted.

### Background

On June 23, 1989 and August 31, 1989, the Petitioner was convicted of several counts of sexual abuse, sexual assault, and incest in the Circuit Court of Kanawha County, West Virginia. He was sentenced to 20 to 35 years of imprisonment. The Petitioner filed a direct appeal from his conviction on those charges; however, the West Virginia Supreme Court of Appeals declined to hear his appeal. Petitioner filed a state habeas corpus petition in March of 1999. On July 21, 2005 Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

**Applicable Law**

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), effective April 24, 1996, amended 28 U.S.C. § 2244 to establish that absent any state court post-conviction proceeding tolling the federal limitation period, a Petitioner convicted and sentenced after the effective date of the AEDPA has one year from the date of conviction and sentence to file a federal habeas petition. 28 U.S.C. § 2244(d)(1) & (2). A prisoner whose conviction and sentence became final *prior* to the effective date of the AEDPA has a one-year grace period from the statute's effective date.

**Analysis**

In his Report, the Magistrate Judge finds Petitioner's convictions and sentence were final prior to the effective date of the AEDPA. Therefore, the Petitioner had until April 24, 1997 to file the instant petition. This Court agrees with that interpretation. Petitioner did not file his petition until July 21, 2005. The Magistrate Judge then ordered the petitioner to inform the Court whether he was entitled to equitable tolling under the statute.[1] Pursuant to the Fourth Circuit, equitable tolling is allowed in "those rare instances where - - due to circumstances external to the party's own conduct - - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). It is the Petitioner's duty to demonstrate that there are (1) extraordinary circumstances which were (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner advises the Court that he is entitled to equitable tolling because (1) appointed

---

[1] Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (finding the AEDPA statute of limitations is subject to equitable tolling)

counsel in his underlying state proceedings failed to file an amended habeas petition and (2) because he has asserted an "actual innocence" claim as to ground five of his federal habeas petition.

In addressing Petitioner's suggested reasons for the equitable tolling, the Magistrate Judge notes that Petitioner's deadline for filing the instant petition had expired long before the initial filing of his state habeas petition. Therefore, the failure of counsel to file an amended state habeas would not have any effect on the deadline as to the instant petition. This Court agrees with the Magistrate Judge's analysis.

The Magistrate Judge dismisses Petitioner's allegation of "actual innocence" as well. Under established law, "actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Specifically, Petitioner argues his Fifth and Sixth Amendment rights were violated during the second trial when the trial court found the child victim to be unavailable and read her testimony from the first trial into the record.

Petitioner argues that because the victim recanted some of her previous statements during her in camera competency hearing, the Court should construe this claim as an actual innocence claims. While the victim's testimony at the competency hearing contradicts some of her earlier statements, the fact remains that she still testified that the Petitioner did sexually abuse her. This Court finds Petitioner has failed to present new reliable evidence which was not presented at trial and has not established that it is more likely than not that no reasonable juror would have convicted the Petitioner in light of the testimony provided by the victim at the competency hearing pursuant to the test set forth in Bousley.

The Court further notes that Petitioner's objections to the Report present no new law or

facts but rather simply note that he does, in fact, object to the Magistrate Judge's findings. The Court therefore **ORDERS**

1) the Report and Recommendation **(Docket # 12)** is **ADOPTED;**

1) that the petition of the petitioner be **DENIED and DISMISSED WITH PREJUDICE** based on the reasons set forth in the Magistrate Judge's Report and Recommendation;

2) defendant's Motion for Hearing **(Docket # 8)** is **DENIED**;

3) defendant's Motion to Appoint Counsel **(Docket # 9)** is **DENIED**; and

4) this action be and is hereby **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit true copies of this Order to the petitioner and all counsel of record herein.

**DATED** this 11th day of January, 2006.

W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE